## ANDREW J. BARTHOLOMEW *vs.* PREVOSTUS McKINSTRY.

Evidence that an insolvent debtor had the reputation of neglecting and mismanaging his business, at the time when a conveyance by him was made, is admissible upon the issue whether the grantee had reasonable cause to believe him insolvent.

A debtor who has concealed his property in order to defraud his creditors is to be regarded as insolvent, although he may have sufficient property in money to pay all his debts; and his assignees in insolvency may avoid a conveyance thereafter made by him by way of preference to a preëxisting creditor, provided the latter had reasonable cause to believe he was thus insolvent.

BILL IN EQUITY brought by the assignee of Jesse Comstock, an insolvent debtor, to procure the assignment of a mortgage, with power of sale, of certain real estate in Southbridge, made by Comstock to the defendant, and dated September 8 1859, which was within six months prior to the institution of the proceedings in insolvency, for the purpose of giving him an unlawful preference, and to restrain the defendant from proceeding to sell the land under the power of sale. After the former decision in this case, (2 Allen, 448,) the following questions were framed to be submitted to the jury: 1. Whether or not Comstock was insolvent at the time of making the mortgage ; and

2. Whether or not the defendant had reasonable cause to be lieve that he was insolvent.

At the trial in this court, before *Chapman*, J., it appeared that during the year 1859 Comstock was in business in Southbridge as a butcher; and the plaintiff, after introducing evidence that he then had the reputation of being insolvent, was allowed, under objection, to introduce evidence that during that time he had the reputation of managing his business badly, and of neglecting to attend to it. The judge instructed the jury in regard to what constitutes insolvency, among other things, that if a debtor has concealed his property fraudulently, to avoid the payment of his debts and to prevent its being taken by his creditors, he is liable to be proceeded against, and is to be regarded as insolvent, though his property may consist of money in his pocket, and may be sufficient to pay all his debts.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*F. H. Dewey*, for the defendant, cited, as to the admissibility of the evidence, *Orcutt* v. *Ranney*, 10 Cush. 183; *Heywood* v. *Reed*, 4 Gray, 574; and as to the instructions of the judge, *Hazelton* v. *Allen*, 3 Allen, 114, 117, and cases there cited.

*T. L. Nelson*, for the plaintiff, cited, on the first point, *Simpson* v. *Carleton*, 1 Allen, 117, 118, and cases there cited; *Carpenter* v. *Leonard*, 3 Allen, 32; *Whitcher* v. *Shattuck*, Ib. 319; and on the second point, *Holbrook* v. *Jackson*, 7 Cush. 136; *Lee* v. *Kilburn*, 3 Gray, 594.

BIGELOW, C. J. Of the several exceptions taken at the trial, two only are now insisted on.

1. The first objection is founded on the admission of evidence to prove that the insolvent debtor, at and previous to the time of the conveyance of his property to the defendant, " had the reputation of managing his business badly, and of neglecting to attend to it." It seems to us, however, that this evidence was relevant to the substance of one of the issues before the jury. The plaintiff was bound to show that the defendant had reasonable cause to believe his debtor was insolvent at the time the mortgage was made by him to secure the debt which he owed

to the defendant. His belief on this point would necessarily be founded in part on the credit which the debtor had in the community, and on the estimate which was put on his character and habits as a business man among those who had opportunities of knowing them. His reputation in these respects, though by no means decisive, would nevertheless have a bearing on the opinion concerning his ability to pay his debts, which the defendant entertained at the time he took the conveyance. We cannot distinguish the case in principle from *Denny* v. *Dana*, 2 Cush. 160, 169, in which evidence that the business in which certain persons were engaged was generally known to be a losing one was deemed to be competent on the trial of an issue similar to that which was submitted to the jury in the present case.

2. The other exception relates to the instruction given to the jury as to the meaning of the term insolvency, in its application to the subject matter in controversy in this suit. There certainly would be great difficulty in maintaining the proposition that two distinct and different meanings are to be attributed to this term, in proceedings arising or growing out of the administration of the insolvent laws. But aside from this, looking only to the purpose and object of the statute in enacting that conveyances of property made by debtors with a view to give security or preference to particular creditors shall be void, we cannot doubt that the instruction was strictly correct. When a person is liable to be proceeded against as an insolvent debtor under the provisions of the statute, he cannot lawfully make payments or conveyances by way of preference. The policy of the law is, that under such circumstances his property shall be equally distributed among all his creditors. To effect this object, the provisions prohibiting preferences were especially designed. It is wholly immaterial, therefore, whether proceedings in insolvency are commenced on the ground that a debtor is unable to pay his debts, or on the ground that he has fraudulently concealed his property with a design to defraud his creditors. In either case, a conveyance or payment to a particular creditor tends to defeat the operation of the law, because it may lead to an unequal distribution of the property of a debtor among 'li

his creditors. The money or property which has been fraudulently put away or concealed may never be recovered by the assignee. The property conveyed to a creditor by way of preference may be the only assets of a debtor which can be reached or recovered. It would be a great defect in the law, if, under such circumstances, a creditor who has received a conveyance with a knowledge or reasonable ground to believe that the debtor intended to defraud his creditors, could withhold the property and retain it for his own exclusive benefit. Such would be the result, if the doctrine contended for by the counsel for the defendant should prevail. But the statute has not left open so wide a door for the perpetration of a fraud, by which one of the essential objects intended to be accomplished by the law would be entirely defeated. *Exceptions overruled.*